CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

CHRISTINE CHEN (CABN 327581)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7291
FAX: (415) 436-7234
Christine.Chen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REBECCA MAXIM,<br><br>    Defendant. | Case No. 5:24-CR-00518-EJD<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: March 9, 2026<br>Hearing Time: 1:30 p.m.<br>Courtroom:    4, 5th Floor<br><br>Hon. Edward J. Davila |

## I.    INTRODUCTION

Defendant Rebecca Maxim stole $53,058 from the Social Security Administration ("SSA") by repeatedly accessing her deceased mother's bank account since 2018. Based on Ms. Maxim's history and characteristics and the need for the sentence to afford adequate deterrence to criminal conduct, the government submits that three years of probation with six months of curfew-style home confinement is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II.    RELEVANT BACKGROUND

### A.  The Instant Offense

Before her death on July 4, 2018, the mother of Ms. Maxim had collected monthly SSA retirement benefits deposited to her bank account. PSR ¶ 6. Her mother was the sole accountholder. *Id.*

U.S. SENTENCING MEMORANDUM
5:24-CR-00518-EJD

1

Such benefits are intended to cease upon the death of the recipient and are not transferable to the recipient's survivors. *Id.* ¶ 8. Ms. Maxim knew that her mother had died but knowingly failed to disclose the fact of her mother's death to SSA. *Id.* ¶ 6.

Although Ms. Maxim was not an accountholder, she used her mother's debit card to withdraw money from the bank account. *Id.* ¶ 7. She also made purchases from various businesses and services that were directly debited from the account. *Id.*

SSA continued to deposit retirement payments into her mother's bank account from July 2018 to November 2020, when it finally learned of her mother's passing. *Id.* ¶ 6. In total, SSA had deposited $53,058. *Id.* ¶¶ 6, 9. It is unclear whether Ms. Maxim was employed for any period of the theft. *See id.* ¶¶ 6, 46.

On February 6, 2024, agents interviewed Ms. Maxim. *Id.* ¶ 8. She initially denied knowing who took the money from her mother's bank account. *Id.* However, she eventually admitted that she was the person who used the funds. *Id.*

**B.  Procedural History**

A grand jury indicted Ms. Maxim on one count of Theft of Government Property in violation of 18 U.S.C. § 641 (Count One) and one count of Social Security Fraud in violation of 42 U.S.C. § 408(a)(4) (Count Two) on September 19, 2024. *Id.* ¶ 1. She made her initial appearance on October 24, 2024. *Id.* ¶ 4. On September 9, 2025, the defendant pleaded guilty to Count One of the indictment pursuant to a plea agreement. *Id.* ¶¶ 2, 3.

**III.    SENTENCING GUIDELINES CALCULATION**

The parties' plea agreement contemplates the below Guidelines calculation, with which Probation agrees, *id.* ¶¶ 3, 14–22:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2B1.1(a)(2) | 6 |
| Specific Offense Characteristics<br><br>- Loss between $40,000 and $95,000, U.S.S.G. § 2B1.1(b)(1)(D) | + 6 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 | - 2 |
| Total Offense Level | 10 |

The government further agrees with Probation that Ms. Maxim is in Criminal History Category II. *Id.* ¶ 30. Thus, the Guidelines range is 8–14 months. *Id.* ¶ 51.

## IV.    SENTENCING RECOMMENDATION

### A.  Legal Standard

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)    the need for the sentence to protect the public from future crimes of the defendant;

(5)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6)    the need to provide restitution to any victims of the offense.

### B.  Recommended Sentence and Section 3553(a) Factors

Probation has recommended that Ms. Maxim be sentenced to three years of probation, which includes 180 days of location monitoring to ensure compliance with a curfew. Upon consideration of the Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends the same.

Over the course of two years, Ms. Maxim repeatedly stole from SSA by unlawfully accessing her mother's bank account. *See* PSR ¶¶ 6, 7. Moreover, she was not initially honest with investigators and

attempted to deflect responsibility for the crime. *Id.* ¶ 8. However, she has now taken ownership of her actions by pleading guilty and has agreed to pay full restitution. In conjunction with her relatively minor criminal history and that she did not use the money for extravagant expenses, these facts counsel toward a more lenient sentence.

The Sentencing Guidelines advise that "[a] condition imposing a curfew may be imposed if the court concludes that restricting the defendant to his place of residence during evening and nighttime hours is necessary to provide just punishment for the offense" or for other reasons of protecting the public or assisting the defendant's rehabilitation. *See* U.S.S.G. § 5B1.3(e)(5). Curfew is needed here to provide just punishment, as well as to promote respect for the law and deterrence. This was a theft that occurred repeatedly over two years. Ms. Maxim only stopped because the money stopped when SSA learned of the passing of Ms. Maxim's mother on its own, and Ms. Maxim was not forthright about her culpability when first confronted by agents. To the extent that the defense argues restitution alone suffices, the $53,058 that Ms. Maxim owes to the SSA—and restitution generally—is not punishment. In the government's view, a sentence of three years of probation without any period of home confinement would send a problematic message about the seriousness of—and be far too lenient a consequence for—committing a five-figure fraud over 2 years.

### C. Recommended Terms of Probation

Probation has recommended three special conditions that Ms. Maxim (1) provide Probation with access to her financial information, (2) not open any new lines of credit and/or incur new debt without Probation's permission, and (3) participate in location monitoring for 180 days to verify curfew compliance. The government agrees that these proposed special conditions should be included as terms of Ms. Jessop's probation for the reasons stated in the PSR.

//

//

//

//

//

//

U.S. SENTENCING MEMORANDUM
5:24-CR-00518-EJD

4

V.    CONCLUSION

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully requests that the Court impose a sentence of three years of probation with Probation's recommended special conditions, which includes location monitoring for 180 days to verify compliance with curfew. The government also respectfully requests that the Court order restitution in the amount of $53,058 to be paid to SSA.

DATED: March 2, 2026                          Respectfully submitted,

                                              CRAIG H. MISSAKIAN
                                              United States Attorney


                                              _____/s/_____
                                              CHRISTINE CHEN
                                              Assistant United States Attorney